IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITTIER BUCK BUCHANAN,<br><br>  Plaintiff,<br><br>  v.<br><br>GREGORY J. AHERN; P. KENNEDY; LANCE E. DELBRIDGE; P.H. SLAUGHTER; J. McCOMAS; DEPUTY AARON; NEENA C. THOMAS; NURSE KELLOG; NURSE MAGAAT; CALIFORNIA FORENSIC MEDICAL GROUP;<br><br>  Defendants. | No. C 17-5167 WHA (PR)<br><br>**ORDER GRANTING RECONSIDERATION; GRANTING MOTION TO REVOKE IN FORMA PAUPERIS STATUS; DIRECTING PLAINTIFF TO PAY FILING FEE**<br><br>(Dkt. No. 47) |

Plaintiff, a California Prisoner at the High Desert State Prison, filed this pro se civil rights case under 42 U.S.C. § 1983 alleging that defendants — Alameda County Jail and Alameda County Sheriff's Department officials, and the medical group contracted to provide medical services at the jail — violated his constitutional rights by failing to adequately care for his medical needs.

Defendants filed a motion to revoke plaintiff's in forma pauperis ("IFP") status under 42 U.S.C. 1915(g), the so-called "three strikes" provision of the Prisoner Litigation Reform Act. Defendants were found to have shown that plaintiff had three "strikes," but it was also determined that plaintiff had made "plausible" allegations that when he filed the complaint in September 2017, he was in "imminent danger of serious physical injury." *See Andrews v.*

*Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). Such a showing qualified him for the "imminent danger" exception to Section 1915(g). *See ibid.* The danger alleged by plaintiff was that he was not receiving medical treatment for a bleeding ear and broken ankle. Because such a lack of treatment could plausibly indicate imminent danger, the exception to Section 1915(g) was triggered and defendants' motion to revoke IFP was denied.

Thereafter, defendants were granted leave to file a motion for reconsideration of the denial of their motion. Defendants showed in their motion that plaintiff received medical care for his ear and foot both before and after he filed the complaint, and that such care sufficiently precluded any plausible determination that plaintiff was in imminent danger of serious physical injury when he filed the complaint. Plaintiff was therefore ordered to show cause why reconsideration should not be granted and his IFP status revoked. Plaintiff filed a response to the order to show cause, and defendants replied to that response.

Plaintiff has failed to show cause why defendants' motion for reconsideration should be denied. Plaintiff describes the medical care he received before and after he filed the complaint. He argues that the care was inadequate over that period of time, that it caused him injury, and that it amounted to deliberate indifference by defendants. Defendants' deliberate indifference to his medical needs is an issue relating to the substance of his Eighth Amendment claim, but it is not determinative of whether or not he is excused from Section 19015(g)'s limitations on proceeding IFP. That exception specifically requires him to have been in "imminent" danger of serious physical injury in September 2017, when he filed the complaint. Plaintiff alleges a lengthy period of deficient medical care over many months, largely after he filed the complaint. Those allegations do not indicate an imminent danger when he filed his complaint, however, and therefore the exception does not apply to him. It is noted that plaintiff's recent filings regarding his hospitalization are for an unrelated heart condition that is not alleged to have endangered him when he filed the complaint

Upon reconsideration of this matter, defendants' motion for reconsideration is granted, their motion to revoke IFP is granted, and plaintiff's IFP status is revoked. <u>Within 28 days of</u>

the date this order is filed, plaintiff shall pay the full filing fee of $350.00. His failure to do so will result in the dismissal of this case without prejudice to refiling in a new action in which he pays the filing fee.

IT IS SO ORDERED.

Dated: September 5, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE